JAMES JONES et al. *v.* PRYOR M. GRANT et al.

JUDGMENT: SHERIFF'S SALE : PURCHASER AT, NOT DISCHARGED BY A SUBSEQUENT TECHNICAL SATISFACTION OF THE JUDGMENT.—A purchaser at sheriff's sale will not, even with the consent of the debtor, be relieved from his obligation to pay his bid, because the execution was afterwards technically satisfied by a levy on a sufficient amount of personalty to pay the judgment, but which was not actu-

ally applied for that purpose: the sale being regular at the time it was made, the right of the creditor to demand the amount which was bid cannot be defeated by any subsequent action of the sheriff, not being an actual payment to him of the judgment.

APPEAL from the District Chancery Court at Macon. Hon. James F. Trotter, vice-chancellor.

James Jones, John Hand, and John Huddleston filed their bill in the court below against Wm. M. Cozart, Silas Bronson, and Pryor M. Grant, for the purpose of procuring a perpetual injunction against the collection of a judgment rendered against Hand and Huddleston in favor of said Grant.

It appears that three judgments were rendered in the Circuit Court of Lowndes county, in the year 1839, as follows: one in favor of *James Sims* v. *James Jones*, for $207 50; another in favor of *Cozart* v. *James Jones*, for $1302 33; and the third in favor of *Silas Bronson* v. *James Jones, J. Brickell, and Henry A. Fox.* On this last judgment an execution issued, which was levied on personal property of Jones, and the defendants therein gave a forthcoming bond, with John Huddleston as surety, which was returned forfeited on the 17th of June, 1839.

It is admitted that the judgment in favor of Sims is satisfied, and that sundry payments have been made on the one in favor of Cozart. The opinion of the court, however, is confined exclusively to the questions raised in reference to the one in favor of Bronson, rendered on the forthcoming bond.

It appears from the record that executions emanating from all these judgments were levied on lots 4 and 5, in the town of Columbus, on which the Eagle Hotel is situated, as the property of defendant Jones, and that on the 16th of March, 1840, the same was sold by the sheriff to complainants, Hand and Huddleston, for $3005. Hand and Huddleston refused to pay their bid, and the sheriff, Pryor M. Grant, instituted an action in the Circuit Court of Lowndes county to recover the same, and in April, 1843, recovered a judgment for about $3700, which is the judgment sought to be enjoined by this bill, upon the ground that all the executions under which the sale was made have been satisfied.

The facts in relation to the judgment in favor of Bronson are as

follows: After the levy on the lots purchased by Hand and Huddleston, the sheriff levied that execution upon a stock of goods which belonged to Brickell, a defendant therein, at the date of the judgment, and which had been subsequently sold by him to one Smith. The sheriff left these goods, which were of value sufficient to satisfy the judgment, in possession of one Smith, as his agent, and Smith, in violation of his agreement with the sheriff, clandestinely removed them, so that they were never applied to the satisfaction of the execution. An alias *fieri facias* was issued on this judgment, and the complainant, Huddleston, who was a defendant therein, being a surety for Jones and Brickell on the forthcoming bond, filed his bill in the Superior Court of Chancery against Bronson, charging that the judgment was satisfied by the levy on the stock of goods. The chancellor, on final hearing of that cause, decreed, " that the said. forthcoming bond and judgment thereon have been fully paid off and discharged, so far as the complainant, Huddleston, is concerned, by the levy on the goods and merchandise of said Brickell," and that said Bronson should be perpetually enjoined from collecting the same from him.

It is now insisted by the complainants in this bill (Jones, the principal debtor in the three original executions, and Hand and Huddleston, the defendants in the judgment recovered by the sheriff for their bid at the sale of the lots) that all the original executions are satisfied, the two first by actual payment, and the one in favor of Bronson by the levy on the stock of goods and the decree of the chancellor, and that, therefore, the sheriff has no right or authority to collect the judgment against Hand and Huddleston.

It also appeared that no executions had been issued on the three original judgments for seven years, and on that ground it is insisted that the judgment against Hand and Huddleston should be enjoined.

The vice-chancellor dismissed the bill, and the complainants appealed. .

*R. Evans*, for appellants.

*Thos. Christian*, for appellees.

FISHER, J., delivered the opinion of the court.

This is an appeal from a decree of the Vice-Chancery Court, at Macon.

The material facts are substantially as follows : Pryor M. Grant, as sheriff of Lowndes county, having levied three executions upon what was known as the Eagle Hotel, in the town of Columbus, offered the same for sale on the 13th day of March, 1840, when Hand and Huddleston being the best bidders, at $3005, it was struck off to them. Failing to pay their bid, Grant, the sheriff, sued them, and recovered a judgment for the amount of the bid, and legal interest thereon. The object of the present bill is to perpetually enjoin this judgment, on the ground that the three executions under which Grant made the sale have been fully satisfied.

The position assumed by counsel, that the judgment having been recovered for the benefit of the execution creditors, cannot be enforced after the executions have been satisfied, may, with certain qualifications, be admitted. But the question, in this case, will be found upon investigation to be more one of fact than of law ; or, in other words, whether that which is urged as a satisfaction, can be so treated as to all of the executions. It is admitted that one of the executions has been fully satisfied ; and that sundry payments, though not sufficient to satisfy it, have been made on another. The main controversy is as to the execution in favor of Bronson. It will be borne in mind that this is one of the executions under which the hotel was sold ; that about the time of the sale it was levied upon a stock of goods in the possession of one Smith, who had purchased them from Brickell, one of the defendants in the execution, after the judgment lien had attached to the goods. That Smith, proving faithless to his trust, removed the goods after the levy ; and the sheriff, failing to regain his possession, was about to levy upon the property of Huddleston, who was also a defendant in the execution, when he filed' his bill in the Superior Court of Chancery, setting forth the levy on the goods ; that they were of sufficient value to have satisfied the executions, and praying for an injunction.

This bill coming on for hearing, in 1843, a decree was pronounced, declaring the judgment, by reason of the levy, satisfied as to Huddleston. It is now said that the fact of satisfaction being *res adjudi-*

*cata*, must be treated as conclusive in this controversy. Huddleston was a defendant in this execution, and one of the purchasers of the hotel, which was sold as the property of Jones, a co-defendant; and to understand fully the decree, we must keep in view the two attitudes in which Huddleston stood, at the date of the decree, to the judgment creditor, Bronson. As a defendant to the judgment, Huddleston is unquestionably discharged, and the fact of satisfaction must be treated as *res adjudicata ;* but it must not be understood that because he is discharged as defendant, that he is also discharged as a purchaser of property which was sold for the very purpose of producing a satisfaction of the judgment; for the very fact of his being liable as a purchaser of the property of a co-defendant, might of itself be sufficient to discharge him, Huddleston, and the other defendants, from the judgment; yet it could not certainly be contended, that anything less than actual payment, in such case, could discharge the purchaser. The case may be stated in few words, thus: Huddleston, as a defendant, owes nothing on this judgment; but, as a purchaser of the property of Jones, which was sold to pay the judgment, he owes the amount of his bid and interest.

Jones could not insist on a satisfaction of the judgment, arising from the levy upon the goods in the possession of Smith, for the reason that the levy was made on the hotel, and it was actually sold as the property of Jones before the levy was made on the goods. He could not have the sale declared void or inoperative, on the ground that a subsequent levy on the property of another party was of sufficient value to satisfy the judgment. The question would be, whether the sale was authorized and proper at the time it was made. Brickell, the other defendant, could not insist on satisfaction, for the reason that he had sold the goods to Smith before the levy was made. Smith, however, the party injured, might take the ground against the levy, that the execution had been satisfied (if the fact were so) by means of the previous levy and sale of the hotel, and purchase by Hand and Huddleston.

But it is wholly immaterial whether the judgment be regarded as technically satisfied or not, and it may be admitted that *it is* in truth satisfied. But how is it satisfied? The very judgment of Grant, now in controversy, operates as a satisfaction *pro tanto* as

to all the defendants. The question is not whether Bronson's judgment can be now enforced, but whether the money bid for the property sold on the 13th of March, 1840, and which ought then to have been paid, shall be applied as it would then have been applied to the executions under which the sale was made. The very fact of holding the purchasers to their bid, was an election by the creditor to look to that source for payment, and was of course *pro tanto* a satisfaction of the executions. The liability of the purchasers of the property to pay their bid, was received by the creditor in lieu of his remedy against the parties to the judgment; and thus viewing the case, we see no ground upon which the complainants are entitled to relief.

What has been said above will dispose of the point made as to the Statute of Limitations.

Decree, affirmed.